IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARTHA JO GRAVES, | ) | |
| Plaintiff | ) | |
| v. | ) | No. 3:06-cv-129 |
| HARTFORD LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## **MEMORANDUM OPINION**

This is an action removed to this court from the General Sessions Court of Grainger County seeking to recover benefits under an alleged life insurance policy. Currently pending is the defendant's motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Plaintiff has failed to respond to the pending motion in a timely manner and is therefore deemed to have waived any response. Rule 7.2, Local Rules for the United States District Court for the Eastern District of Tennessee. For the reasons that follow, the motion will be granted and this action dismissed.

On April 7, 2006, defendant Hartford Life Insurance Company removed this action, which seeks to recover benefits under an alleged life insurance policy, from the General Sessions Court of Grainger County. The insurance policy number set forth by plaintiff in her complaint did not correspond to any insurance policy issued by Hartford. Hartford subsequently made efforts to determine whether plaintiff's late husband, whom plaintiff claims was covered under the alleged policy, was ever insured by a policy issued by Hartford.

On April 13, 2006, Hartford filed a motion for more definite statement with this court. Hartford later agreed to stay this matter pending plaintiff's attempts to acquire sufficient information to identify the alleged policy at issue. On June 27, 2006, this court entered an order staying the case but allowing Hartford the right to move to dismiss the matter if plaintiff could not produce the required information. Seven months later, plaintiff had failed to produce that information and Hartford moved to dismiss.

Hartford also undertook its own investigation to determine if plaintiff's late husband ever was covered by a policy issued by Hartford. It has submitted the affidavit of Jennifer A. Barnes, one of its Best Practice Managers, who investigated the matter and, after talking with representatives of plaintiff's late husband's former employer, learned that plaintiff's late husband neither accepted nor expressly

declined coverage under a policy offered to him, in that the policy enrollment forms in his files were blank. Accordingly, she states that there is no evidence that plaintiff's late husband was ever actually insured under a policy issued by Hartford.

Plaintiff carries the burden in this case to demonstrate that her late husband was covered under a policy issued by the defendant. She has had sufficient time to provide evidence showing the existence of such policy, but has been unable to do so. Accordingly, defendant's motion to dismiss [Court File #7] is GRANTED and this action DISMISSED.

Enter judgment accordingly.

*s/ James H. Jarvis*
UNITED STATES DISTRICT JUDGE